UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

SEP 2 1 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-533-GWU

NAOMI NELSON,                                      PLAINTIFF,

VS:                    MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT,

## INTRODUCTION

Naomi Nelson brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled.   If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.   If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.   Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a _prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."   20   C.F.R.   404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Nelson, a 49 year-old former licensed practical nurse, office nurse/medical office clerk, and phlebotomist with a high school education, suffered from impairments related to fibromyalgia as well as degenerative and discogenic disorders of the spine. (Tr. 17, 23). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 28). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 28). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Katherine

5

Bradford included an exertional restriction to sedentary level work along with such non-exertional limitations as an inability to understand and carry out job tasks requiring more than one or two step instructions in a nonpublic, object-focused work setting. (Tr. 75). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 75-76). Therefore, assuming that the vocational factors considered by Bradford fairly characterized Nelson's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. No treating or examining source, including Dr. Mitchell Wicker (Tr. 163-178, 246-257), Dr. Usha Polisetty (Tr. 179-191), Dr. Ken Muse (Tr. 192), the staff at the Somerset Outpatient Mountain Diagnostic Center (Tr. 193-194), Dr. Mark Carter (Tr. 195-200), Dr. P. Patel (Tr. 201-205), Dr. Donna Nall (Tr. 206-211), the staff at the Cumberland Medical Laboratory (Tr. 212-218), the staff at Lake Cumberland Hospital (Tr. 219-220), Dr. Dannette Cook (Tr. 221-222), Dr. Howard Lynn (Tr. 241-244), Dr. Amr El-Naggar (Tr. 264-267), and Dr. Andrew Ruthberg (Tr. 269-271) identified more severe physical restrictions than those found by the ALJ. Dr. Gary Higgason (Tr. 223) and Dr. S. Mukherjee (Tr. 224), the non-examining medical reviewers, not only did not report the existence of more severe functional restrictions than those found by the ALJ, but each opined that the plaintiff's physical impairments were "less than severe." Therefore, these reports provide substantial evidence to support the administrative decision.

The ALJ also dealt properly with the evidence of record relating to Nelson's mental status. Psychologist Ilze Sillers, a non-examining medical reviewer, examined the record and opined that the plaintiff did not suffer from a

6

"severe" mental impairment.  Julia States, a Licensed Clinical Social Worker, examined the claimant at the request of her attorney and suggested that she suffered from extremely severe mental problems.  (Tr. 258-263).  The ALJ rejected this opinion as binding.  (Tr. 24).  Under the federal regulations, a Licensed Clinical Social Worker is not considered an "acceptable medical source" whose opinion would be binding on the administration.  20 C.F.R. Section 404.1513.  Furthermore, States rated the plaintiff's Global Assessment of Functioning (GAF) at 36.  (Tr. 263).  Such a GAF suggests the existence of major psychological impairment in several areas according to the American Psychiatric Association: Diagnostic and Statistical Manual for Mental Disorders (4th Ed-Revised, 1994).  Such severe mental problems would certainly have been noticed by the numerous medical doctors of record.  However, no treating or examining physician referred the claimant for mental health treatment. Therefore, States' opinion was properly rejected by the ALJ, who could reasonably rely upon Sillers.[1]

Nelson argues that the ALJ did not properly evaluate her subjective pain complaints.   Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical

_____

[1]The plaintiff states on page nine of her brief that "according to the Administration's own psychologists records they would have to award benefits to Richard."  This statement is totally unsupported in the current record since Sillers clearly indicated that the claimant did not even suffer from a "severe" mental impairment.  Furthermore, the plaintiff in this action is named Naomi Nelson and the undersigned does not know who "Richard" is.

condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Nelson was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. Dr. El-Naggar noted that MRI Scans of her cervical spine and lumbar spines revealed no sign of stenosis, a herniated nucleus pulposus or nerve root impingement. (Tr. 266). The physician found no evidence of muscle atrophy or weakness upon physical examination. (Tr. 266). Dr. Polisetty found no sign of motor weakness or atrophy in extremity muscle groups. (Tr. 184). Dr. Carter indicated that straight leg raising was negative and that and that she had fair muscle tone and bulk in a symmetrical pattern. (Tr. 196). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Nelson's pain complaints.

The undersigned concludes that the administrative decisions should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___21___ day of September, 2005.

G. WIX UNTHANK
SENIOR JUDGE

8